# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br> v. <br> **PARIS STEPHEN WELLS** | **ORDER OF DETENTION PENDING TRIAL** <br> Case Number: 1:13-CR-45 |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

- ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

- ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq
- ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the ~~appearance of the defendant as required and the~~ safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 45-year-old resident of Detroit where he lives with his fiance and their child, and two other children belonging to Ms. Choice. Defendant has a towing and auto sales business, although his license has been suspended and he cannot run the towing business. While the defendant has represented to the Pretrial Services office that he is the driver in the towing business, his attorney represents that he has a number of other drivers available to him.

Defendant has a criminal record dating back to his youth, including convictions for armed (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community from further drug trafficking by the defendant, or other illegal activity (e.g. carrying guns, driving while license suspended, driving while impaired), based upon the presumption which is unrebutted in this regard. Even in the absence of the presumption, however, the government has shown by clear and convincing evidence that no condition or combination of conditions (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: March 5, 2013

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

robbery, attempted financial transaction device-forgery alteration or counterfeiting, carrying a concealed weapon, felon in possession, operating a vehicle while intoxicated (5 convictions), driving while license suspended (2 convictions), and assaulting, resisting or obstructing a police officer. Particularly troubling is defendant's propensity to commit offenses while he is already on probation for other offenses. While on probation for carrying a concealed weapon and for being a felon in possession, defendant was convicted of driving while license suspended, operating while intoxicated-3rd, and assaulting, resisting or obstructing a police officer. It further appears that defendant was still on probation for the CCW and felon in possession charges (which probation did not expire until September 26, 2012) during the first year of the conspiracy alleged in the indictment. Defendant was also on probation from the driving on a suspended license, OWI-3rd, and resisting charges, for two years beginning at the end of July 2011, which would mean that defendant was (and still is) on probation during the second half of the alleged conspiracy.

Testimony at the hearing held this date shows that defendant and his fiance own a residence on Ohio Street in Detroit which is used only for cutting and packaging heroin. Found on site were three hydraulic presses, cutting agents, materials for packaging heroin, and substantial amounts of heroin in three different locations.

The government maintains the defendant's auto shop is a front operation, pointing out that only one employee was found on the premises, but that 3 bags of heroin, digital scales, packaging materials, and ammunition were located there. Marijuana was also found in a desk, which defendant describes as his samples he uses for showing customers. Defendant's attorney says she has represented defendant in the past and that defendant has a legitimate auto business.

Defendant admitted to law enforcement officers that he has been routinely trafficking in substantial amounts of heroin for the past five years (although he apparently used to have a bigger operation). Defendant states that two to three times a month he will take 50 grams of heroin and repackage it with cutting agents so that the mixture amounts to 100 grams. Further, every 4 to 6 weeks he will traffic between 100 and 300 grams of uncut heroin for particular customers. He states that heroin is his primary source of income and he wasn't able to make ends meet through his auto shop.

In addition to making these statements to police officers, defendant also stated at the time of his arrest that when he spotted a surveillance vehicle outside his property, he secreted 110 grams of a mixture containing heroin in his fiance's bra. After the officers were told of this, they communicated to other officers who had the (continued on attachment)

**Part II - Written Statement of Reasons for Detention** - (continued)

will assure the safety of the community from the defendant's further criminal behavior based upon the fact that, by his own admission, he is a longtime heroin trafficker in the Detroit area, which provides his primary source of income. There is no reason to believe that releasing him to the community, whether on tether or not, with the admonishment that he behave himself, is a viable option, since the last three offenses he was convicted of occurred while he was on probation. Further, the conspiracy alleged in the indictment also occurred while defendant was on probation to two separate courts.

United States v. Paris Stephen Wells
1:13-CR-45
**ORDER OF DETENTION PENDING TRIAL**
Page 3.


**Alternate Findings (B) -** (continued)

female in custody.  She was searched by a female officer and the heroin was found just as described by the defendant.

Two firearms were found on defendant's premises.