UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,      Case no. 1:13-cr-45

v.      Hon. Paul L. Maloney
      United States District Judge

PARIS STEPHEN WELLS,

      Defendant/Movant.
_____/

## AFFIDAVIT OF RICHARD D. STROBA

NOW COMES Richard D. Stroba, First Assistant Federal Defender, of the Office of the Federal Defender for the Western District of Michigan, and for his Affidavit in response to Paris Stephen Wells' Motion under 28 U.S.C. § 2255, states:

1.    That your affiant has been an attorney practicing in Southwest Michigan for nearly 40 years, the last 12 years of which have been as an Assistant Federal Defender in the Office of the Federal Public Defender for the Western District of Michigan.

2.    That in preparing this affidavit, Attorney Stroba reviewed the time records kept in the Office of the Federal Defender for this case, the case file documents, and used his memory of these past events.

3.    That on May 29, 2013, your affiant was appointed to represent Paris Stephen Wells in controlled substance distribution and firearms charges. This appointment came

as a result of the withdrawal of his then retained counsel from the representation of Mr. Wells.

4. That upon being appointed to represent Mr. Wells, a trial team consisting of a research and writing attorney, a paralegal, and an investigator was established and the team set about collecting and reviewing the pleadings and the discovery that was available in the case. The investigator spoke with Mr. Wells on May 30, 2013, the day after the appointment.

5. That on June 5, 2013, Attorney Stroba met with Mr. Wells personally at the Kalamazoo County Jail for one hour and forty minutes.

6. Thereafter, either Attorney Stroba or his investigator met with Mr. Wells on a weekly basis, or at the longest interval, every two weeks, to discuss discovery old and new; possible resolutions of the case, including trial and non-trial options; the possibility of cooperation with the government as a prelude to a plea agreement; and, the various guideline computations and potential sentences that may result under various scenarios.

7. That at all times, Mr. Wells had access to the discovery received from the government, as well as steps being undertaken to prepare the case for a plea or trial. The investigator traveled to the defendant's holding facility to review new information as it was received and, after talking with Attorney Stroba, the meaning of each item to the case.

8. That ultimately, after many plea negotiations, a plea agreement was reached. The agreement was under F.R.Crim.Proc. 11(e), which includes a binding recommendation to the Court for a sentence no more than 15 years in federal prison. This sentence was

potentially lower than provided for by the advisory guidelines, and fifteen years below the statutory maximum.

9. That on January 14, 2014, following the preparation of a presentence report, a sentencing hearing was held. However, sentencing did not occur as the Court rejected the plea agreement. The matter was reset to the trial calendar.

10. That after this time, the trial team began further preparations for trial, and intense discussion of trial strategy, possible additional evidence to be gathered, potential witnesses, and continuing discovery review. This included a joint trip by Attorney Stroba and the investigator to Wayne County, Michigan, to speak with witnesses, and visit the scenes of relevant venues. This included visiting the defendant's residence with his girlfriend (and main co-conspiring defendant), the defendant's second house where narcotics and firearms were located upon execution of a search warrant, the defendant's business location (the alleged site of some drug transactions), and a business that the defendant had advised would support his claims of legitimate work that the defendant had been doing. The trip also included the attempt to serve subpoenas to witnesses (some successfully served, some not), and to speak to police agents involved in the defendant's arrest and the execution of search warrants. This occurred June 24, 2014, and was a daylong trip.

11. That two days later at Attorney Stroba's request, the investigator reviewed the results of the trip with the defendant.

12. That, ultimately on July 2, 2014, the defendant, after being fully advised of his option to go to trial or accept a new plea agreement, by Attorney Stroba, pled guilty to

the Superseding Felony Information filed, with the remaining charges to be dismissed at the time of sentencing.

13. That following a repeat of the presentence process, sentencing was held. The defendant received a sentence of 240 months in custody.

14. That as to certain specific allegations, but not admitting most of the statements made by Wells in his Brief in Support of the Motion, your affiant states as follows:

    a. Wells was always completely and fully informed of the status of his case, the discovery that was available and received, the status of the investigation being conducted by the trial team, and the results thereof. Indeed, the attorney and the investigator spent as much as, if not more, than the time spent on any other case assigned to the attorney during this period. The recorded time spent on this case from appointment to conclusion (before appeal), was 485 hours by all trial team members.

    b. Wells was never told by Attorney Stroba or the investigator that gas was too expensive for travel out of the District. First of all, the attorney would never limit the pursuit of evidence based on the cost of finding same. The Office of the Federal Defender has a more than adequate budget to cover essential evidence pursuit. Furthermore, the statement is belied by the facts that the investigator made at least one independent trip to Wayne County and a joint trip was undertaken by the attorney and the investigator.

  c. As to the various pretrial issues raised by Wells, each of his positions was discussed in thorough detail with him, after research was conducted, and Attorney Stroba stands by his work in this regard.

  15. That at all times Wells was provided competent, thorough, and effective assistance of counsel by Attorney Stroba.

  Further, your affiant sayeth not.

Respectfully submitted,

Dated: April 7, 2017

/s/ Richard D. Stroba
RICHARD D. STROBA
First Assistant Federal Defender
Office of the Federal Public Defender
50 Louis NW, Suite 300
Grand Rapids, MI 49503
(616) 742-7420