UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| PARIS STEPHEN WELLS, | ) | |
|            Petitioner, | ) | |
| | ) | No. 1:13-cr-45-01 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| UNITED STATES OF AMERICA, | ) | |
|            Respondent. | ) | |
| | ) | |

## ORDER TRANSFERING SECOND OR SUCCESSIVE HABEAS MOTION TO CIRCUIT COURT

In May 2022, this Court issued an opinion and order denying Paris Wells' § 2255 petition for habeas relief. (ECF No. 228.) Relying on Rule 60(b)(1), Wells filed a motion for relief from judgment. (ECF No. 236.) Because Wells has not asserted procedural concerns with the resolution of his § 2255 petition and instead asserts concerns about the merits, this Court must transfer the motion to the circuit court as a second or successive habeas petition.

Wells asks the Court for relief from an order resolving his § 2255 petition. When a petitioner uses a Rule 60(b) motion to "attack[] the federal court's previous resolution of a claim *on its merits*," the motion should be considered a second or successive petition for habeas relief. *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (italics in original; quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)); *see Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) ("… When a *habeas* petitioner files a motion attacking the merits of a conviction or sentence after the adjudication of her *habeas* petition is complete—meaning that the petitioner has lost on the merits and has exhausted her appellate remedies—the

motion, irrespective or its characterization, is really a second or successive *habeas* petition.") (citation omitted); *United States v. Carter*, 500 F.3d 486, 489 (6th Cir. 2007) ("When a 60(b) motion attacks the merits of a conviction or sentence, or 'if it attacks the federal court's previous resolution of the claim *on the merits*,' it should be construed as a habeas petition.") (citation omitted). In *Gonzalez*, our Supreme Court explained that a petitioner who asserts that the court erred in its merits resolution of a claim or ground raise in a habeas petition, "he is making a habeas corpus claim." *Gonzalez*, 545 U.S. at 532 n.4.

By statute, Wells must seek permission to file a second or successive § 2255 petition. *See* 28 U.S.C. § 2244(a) and § 2255(h). When a court concludes a Rule 60(b) motion should be construed as a second or successive habeas petition, the court should transfer the motion to the circuit court. *See Albo v. United States*, 498 F. App'x 490, 492 (6th Cir. 2012).

Therefore, the Court **TRANSFERS** Paris Wells's motion (ECF No. 236) to the Sixth Circuit Court of Appeals for consideration as a second or successive petition for habeas relief. **IT IS SO ORDERED.**

Date: November 3, 2022                                              /s/ Paul L. Maloney
                                                                                   Paul L. Maloney
                                                                          United States District Judge