UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | No. 1:13-cr-45-01 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| PARIS STEPHEN WELLS, ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Wells filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (ECF No. 243). Defendant argues that retroactive changes to the Sentencing Guidelines, Amendment 821, support his request for relief. The United States Probation Office issued a report finding that Defendant was not eligible (ECF No. 246). Defendant filed a response to the report (ECF No. 248). The Court will deny Defendant's motion.

Once a district court imposes a sentence, the court may not modify that sentence except in limited circumstances. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). One such exception, § 3582(c), permits a district court to modify a sentence when the Sentencing Commission makes guidelines modifications that lower the sentencing guidelines range for that defendant. 18 U.S.C. § 3582(c)(2). The district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

For motions brought under § 3582(c), district courts conduct a two-step review. *See United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826-27 (2010)). For motions that rely on Amendment 821, the court must first determine if the Sentencing Commission's changes actually lowered the defendant's guidelines range and whether the reduction is consistent with applicable policy statements. Second, the court must consider the § 3553(a) factors to decide whether to exercise its discretion to reduce the defendant's sentence.

Defendant pled guilty to participating in a conspiracy to distribute heroin. The Court calculated Defendant's offense level at 35 and his criminal history category as VI. The statutory maximum of 240 months became Defendant's advisory guidelines range. In September 2014, the Court sentenced Defendant to 240 months imprisonment.

In 2023, the Sentencing Commission amended USSG § 4A1.1(d). Under the Guidelines in effect when the Court sentenced Defendant, § 4A1.1(d) added two criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, or supervised release ("status points"). The 2023 amendment moved the relevant provision to § 4A1.1(e) and reduced the criminal history point from 2 to 1 or 0, depending on how many criminal history points the defendant scored under subsections (a) through (d). The Sentencing Commission made the change retroactive.

The Court finds that Defendant's motion fails at the first step. When the Court calculated Defendant's criminal history points at sentencing, Defendant did not receive any criminal history status points under § 4A1.1(d). Defendant contends he received extra points

because he was on probation for a DUI when he was arrested for his offense of conviction (ECF No. 241 PageID.1601; ECF No. 248 PageID.1617). The Presentence Report (PSR) establishes law enforcement officer arrested that Defendant in February 2011 for operating under the influence and that he was sentenced in July 2011. (ECF No. 133). The PSR also shows that Defendant was released from probation related to this conviction in January 2012. Defendant was arrested for his federal offense in February 2013, more than one year after he was released from probation. The term of probation did overlap with the federal offense of conviction; the indictment alleges that the conspiracy began during summer of 2011. However, the career offender points assessed for the state conviction fell under § 4A1.1(b) and § 4A1.1(e)(2), not § 4A1.1(d).

The retroactive changes in Amendment 821 do not provide Defendant any benefit. The changes do not affect his criminal history points because Defendant did not receive any status points under § 4A1.1(d). Therefore, the Court **DENIES** Defendant's motion for a reduction in sentence (ECF No. 243). **IT IS SO ORDERED.**

Date:   January 26, 2024                           /s/  Paul L. Maloney
                                                                                 Paul L. Maloney
                                                                                 United States District Judge